IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| CARTHEL G. GALES AND JOANNE MANSFIELD, INDIVIDUALLY AND THE MARITAL COMMUNITY THEREOF,<br><br>Plaintiffs,<br><br>v.<br><br>DR. THOMAS LORANCE, CHG COMPANIES, INC. DOING BUSINESS AS COMPHEALTH, AND DOES 1-10<br><br>Defendants. | NO. 3:15-cv-05730-RJB<br><br>DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED ON STATUTE OF LIMITATIONS<br><br>**NOTE ON MOTION CALENDAR: Friday, December 18, 2015**<br><br>**ORAL ARGUMENT REQUESTED** |

## I.  RELIEF REQUESTED

Defendant CHG Companies, Inc., d/b/a CompHealth ("CHG") and defendant Dr. Thomas Lorance[1] ("Dr. Lorance") request that the Court dismiss this lawsuit because plaintiffs Carthel G. Gales and Joanne Mansfield ("plaintiffs") failed to file this action within the applicable statute of limitations.  The care in question provided by Dr. Lorance occurred in 2009, and, even giving plaintiffs the benefit of the one-year discovery period for medical malpractice actions, plaintiffs still failed to timely bring this claim.  Because plaintiffs waited

---

[1] Dr. Lorance has been deceased since 2013.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
BASED ON STATUTE OF LIMITATIONS - 1
(CASE NO. 3:15-cv-05730-RJB)

**FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC**
1301 A Street, Suite 900
Tacoma, WA  98402
p. 253-328-7800  •  f. 253-272-0386

until October 2015 to file this lawsuit, there is no genuine issue of fact as to whether their claims against Dr. Lorance and CHG are barred by the statute of limitations. Dismissal is warranted.

## II. PERTINENT FACTS

This is a medical malpractice action situated in federal court based on diversity of citizenship pursuant to 28 U.S.C. § 1332. *See* Dkt. 1.

In their complaint, plaintiffs allege that Dr. Lorance, an emergency medicine physician who died in 2013, failed to follow up on potential findings in a chest x-ray he had ordered for Mr. Gales on May 29, 2009, at an urgent care clinic affiliated with the Washington Veterans' Administration ("VA"). Dkt. 1 at 4:5-22. Dr. Lorance never saw Mr. Gales again. *See* Dkt. 1.

On June 22, 2012, Mr. Gales' primary care provider, Dr. Allen, ordered a chest x-ray for Mr. Gales. O'Halloran Decl., Ex. A (6/22/12 Dr. Allen note). This x-ray revealed a lung mass which, when viewed in comparison, appeared to have increased in size from the May 29, 2009 imaging. O'Halloran Decl., Ex. B (6/22/12 Radiology Report). Dr. Allen charted that he requested pulmonary consults for Mr. Gales "following diagnosis of lung mass." O'Halloran Decl., Ex. A (6/22/12 Dr. Allen note).

On July 17, 2012, Mr. Gales had a pulmonary consultation with Dr. Onishi. O'Halloran Decl., Ex. C (7/17/12 Dr. Onishi note). Dr. Onishi noted that Mr. Gales' primary concern was to "see todays (*sic*) chest x-ray report and prior ct's and cxr's…" *Id.* Dr. Onishi also charted that Mr. Gales "report[ed]…a [history of]…a lung lesion noted in 2009." *Id.* Dr. Onishi informed Mr. Gales that the June 22, 2012 lung mass was concerning for malignancy and that "[i]n review of serial imaging, it appears as though the lesion has been progressively enlarging with time…at least since 2007…" *Id.*

On July 18, 2012, Mr. Gales had a chest CT, and on July 31, 2012, he underwent a lung biopsy. O'Halloran Decl., Ex. D (7/18/12, 7/31/12 chart notes). On August 3, 2012, it was

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
BASED ON STATUTE OF LIMITATIONS - 2
(CASE NO. 3:15-cv-05730-RJB)

**FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC**
1301 A Street, Suite 900
Tacoma, WA  98402
p. 253-328-7800  •  f. 253-272-0386

confirmed that Mr. Gales had a specific type of lung cancer called "BAC," or bronchoalveolar carcinoma. O'Halloran Decl., Ex. E (8/3/12 chart note). Treatment options were discussed with Mr. Gales, it was concluded the tumor was now inoperable, and he underwent a series of radiation and chemotherapy treatments instead. O'Halloran Decl., Ex. F (chart notes).

On August 6, 2012, Mr. Gales obtained a copy of his medical records from the VA, which contained Dr. Lorance's chart notes from the May 29, 2009 visit. O'Halloran Decl., Ex. G (Release of Information letter and excerpted records).

On January 21, 2014, Mr. Gales saw primary care provider Dr. Allen, and requested that Dr. Allen complete a form for the VA in which Mr. Gales was requesting back payment from the VA on his lung cancer disability claim, originally submitted in August 20, 2012. O'Halloran Decl., Ex. H (1/21/14 Dr. Allen note). Dr. Allen noted that Mr. Gales "hoped that his back pay…determination would be [to] 5/2009" due to Mr. Gales' belief that the cancer had been present then, though not diagnosed at that time. *Id.*

Yet it was not until a year and four months later, on May 5, 2015—as well as nearly six years after the care provided by Dr. Lorance and three years after his lung cancer was initially diagnosed—that plaintiffs initially filed a lawsuit against CHG and Dr. Lorance. O'Halloran Decl., Ex. I (May 5, 2015 Complaint). Then, on September 18, 2015, plaintiff voluntarily dismissed their lawsuit against Dr. Lorance and CHG. O'Halloran Decl., ¶ 10. Another month after that, plaintiffs refiled this lawsuit. *See* Dkt. 1.

### III.  ISSUE

Must the Court dismiss this lawsuit when plaintiffs have failed to comply with the statute of limitations, even with the benefit of a one-year discovery tolling provision? (Yes)

### IV.  EVIDENCE RELIED UPON

Defendants rely upon the papers and pleadings filed with the Court, the Declaration of Scott M. O'Halloran and exhibits thereto, and the authorities stated below.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED ON STATUTE OF LIMITATIONS - 3
(CASE NO. 3:15-cv-05730-RJB)

**FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC**
1301 A Street, Suite 900
Tacoma, WA  98402
p. 253-328-7800  •  f. 253-272-0386

V.  **AUTHORITY**

**A. Summary judgment standard.**

Summary judgment is proper if there is no genuine issue as to a material fact. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Here, summary judgment is warranted because plaintiffs are legally unable to proceed with this untimely lawsuit; they failed to file it within the applicable statute of limitations even when viewed in the light most favorable to them.

**B.  The statute of limitations has expired.**

In diversity actions such as this, federal courts apply state law related to the commencement and tolling of statutes of limitations. *See, e.g., Walker v. Armco Steel Corp.*, 446 U.S. 740, 745-46, 100 S. Ct. 1978, 64 L. Ed. 2d 659 (1980); *Torre v. Brickey*, 278 F.3d 917 (9th Cir. 2002). A personal injury action for medical malpractice in Washington must be brought either within three years from the date of the act or omission allegedly causing the injury, or, as a tolling provision, one year from the date of discovery. RCW 4.16.350 (3); *Gunnier v. Yakima Heart Ctr., Inc.*, 134 Wn.2d 854, 863, 953 P.2d 1162 (1998).

It is undisputed that the care in question by Dr. Lorance occurred on May 29, 2009. *See* Dkt. 1. Three years from the date of Dr. Lorance's alleged acts or omissions passed on May 29, 2012, without plaintiffs filing a lawsuit against him. Because plaintiffs did not file this suit until October 13, 2015, plaintiffs neglected to bring this lawsuit within the first timeframe articulated in RCW 4.16.350(3). *See* Dkt. 1.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
BASED ON STATUTE OF LIMITATIONS - 4
(CASE NO. 3:15-cv-05730-RJB)

**FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC**
1301 A Street, Suite 900
Tacoma, WA  98402
p. 253-328-7800 • f. 253-272-0386

**C. Plaintiffs' lawsuit remains untimely, even with the benefit of tolling provisions.**

Having failed the first statutory period, the next inquiry is whether any of the tolling provisions can apply to redeem plaintiffs' lawsuit as one timely filed. None can.

*1. Plaintiffs failed to file this lawsuit one year after discovery.*

As stated above, a medical malpractice action, if not brought within three years from the date of the act or omission, can still be commenced within one year from the date of discovery of the injury. RCW 4.16.350 (3); *Gunnier*, 134 Wn.2d at 863; *Winbun v. Moore*, 143 Wn.2d 206, 214, 18 P.3d 576 (2001). The one-year post discovery period "commences when the plaintiff 'discovered or reasonably should have discovered all of the essential elements of [his or] her possible cause of action…'" *Cox v. Oasis Physical Therapy, PLLC*, 153 Wn. App. 176, 189-190, 222 P.3d 119 (2009) (citing *Ohler v. Tacoma Gen. Hosp.*, 92 Wn.2d 507, 511, 598 P.2d 1358 (1979)). Here, even when viewed in the light most favorable to plaintiffs, the records clearly demonstrate that plaintiffs knew of the essential elements of their claim—i.e. a three-year delay in diagnosing lung cancer caused by negligence which resulted in lost treatment options—much sooner than a year before May 2015, when plaintiffs ultimately filed this case against Dr. Lorance.

On June 22, 2012, Mr. Gales' primary care provider informed Mr. Gales that he had identified a lung mass on his chest x-ray which, when viewed in comparison, appeared to have been increasing in size from the May 29, 2009 imaging. O'Halloran Decl., Exs. A, B. On July 17, 2012, Mr. Gales saw a pulmonologist and expressed a desire to view in comparison his previous chest x-ray which showed the mass, presumably to see the growth his primary care provider had noted. O'Halloran Decl., Ex. C. In so doing, Mr. Gales' pulmonologist confirmed his belief that this tumor had been growing since before 2009. *Id.* By August 3, 2012, Mr. Gales' specific type of lung cancer had been identified by biopsy and staged, and it was determined that the tumor was now inoperable. O'Halloran Decl., Ex. E. Finally, on

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED ON STATUTE OF LIMITATIONS - 5
(CASE NO. 3:15-cv-05730-RJB)

**FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC**
1301 A Street, Suite 900
Tacoma, WA  98402
p. 253-328-7800  •  f. 253-272-0386

1   August 6, 2012, Mr. Gales obtained his medical records which very clearly identified

2   Dr. Lorance as Mr. Gales' May 29, 2009 doctor.  O'Halloran Decl., Ex. G.

3          Thus, by August 6, 2012, Mr. Gales had unmistakably learned the following things

4   from his healthcare providers and the medical records:  1) that he had lung cancer, 2) that he

5   may have had this lung cancer in 2009, 3) that the imaging showed the cancer had possibly

6   grown in the three years since 2009, 4) that the cancer was now inoperable, and 5) that

7   Dr. Lorance had been the doctor he saw on the May 2009 visit when the chest x-ray in question

8   had been ordered.  At this juncture, Mr. Gales accordingly had knowledge of ample facts which

9   could give rise to the elements of a medical malpractice action against Dr. Lorance for failing

10  to diagnose his cancer in 2009, or, at least, which were sufficient to trigger a due diligence

11  investigation by Mr. Gales into the status of Dr. Lorance at the VA.  *See, e.g., Zaleck v. Everett*

12  *Clinic,* 60 Wn. App. 107, 114, 802 P.2d 826 (1991) (affirming dismissal based on the statute of

13  limitations when plaintiff had knowledge of several elements to a medical malpractice action

14  but failed to exercise due diligence in ascertaining the remainder); *see also Winbun,* 143 Wn.2d

15  at 218 (reasoning that, had the plaintiff in that case been provided with the medical records

16  which identified the alleged negligent doctor, "it might have been reasonable to take the case

17  from the jury.")  Yet plaintiffs here did not bring this lawsuit by August 6, 2013, in compliance

18  with the one-year discovery provision contained in RCW 4.16.350(3).

19         Even if this plethora of information was insufficient to demonstrate plaintiffs'

20  knowledge of the facts giving rise to their claims against Dr. Lorance, on January 21, 2014,

21  Mr. Gales himself unequivocally demonstrated his belief that he had cancer in May 2009,

22  which his provider failed to diagnose.  By informing his primary care doctor that he "hoped

23  that his back pay…determination would be [to] 5/2009" from his lung cancer disability claim

24  to the VA, Mr. Gales left no room whatsoever for reasonable minds to differ about his having

25  knowledge of the facts giving rise to claims against Dr. Lorance for failure to diagnose cancer

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
BASED ON STATUTE OF LIMITATIONS - 6
(CASE NO. 3:15-cv-05730-RJB)

**FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC**
1301 A Street, Suite 900
Tacoma, WA  98402
p. 253-328-7800  •  f. 253-272-0386

1  in 2009.  O'Halloran Decl., Ex. H.  Giving plaintiffs the benefit of this very late date to
2  commence the one-year discovery rule would still have required them to file this lawsuit by
3  January 21, 2015, which they failed to do.  Further, plaintiffs initially filed this action against
4  Dr. Lorance and CHG in May 2015, but then dismissed it and refiled in October 2015, making
5  this lawsuit even more untimely.

6  Finally, it appears from plaintiffs' complaint that they may attempt to argue that their
7  limitations period should begin running from October 17, 2014—the time that the VA
8  informed Mr. Gales that Dr. Lorance was an independent contractor, not an employee for
9  whom the legal doctrine of *respondeat superior* applied.  *See* Dkt. 1 at 6.  It is well-established,
10 however, that "[t]he discovery rule merely tolls the running of the statute of limitations until
11 the plaintiff has knowledge of the 'facts' which give rise to the cause of action; it does not
12 require knowledge of the existence of a legal cause of action itself."  *Cox*, 153 Wn. App. at
13 189-190 (quoting *Richardson v. Denend*, 59 Wn. App. 92, 95-96, 795 P.2d 1192 (1990)).
14 Accordingly, the "key consideration under the discovery rule is the factual, as opposed to the
15 legal, basis of the cause of action."  *Id.* (quoting *Adcox v. Children's Orthopedic Hosp. & Med.*
16 *Ctr.*, 123 Wn.2d 15, 35, 864 P.2d 921 (1993)).  This is because the statutory language is clear:
17 if relying on the discovery provision of the rule, the statute of limitations expires "one year of
18 the time the patient or his or her representative discovered or reasonably should have
19 discovered **that the injury or condition was caused by said act or omission.**"  RCW
20 4.16.350(3).  The rule says nothing about tolling the statute of limitations based on the legal
21 status of the individual who the plaintiff alleges caused his injury.  Dr. Lorance's
22 characterization as an independent contractor versus an employee is a purely legal one with no
23 substance whatsoever with respect to the discovery rule.  As demonstrated above, plaintiff
24 knew of the alleged May 2009 failure to diagnose his lung cancer on June 22, 2012, and, if he
25 did not already know, when he obtained his records on August 6, 2012, he could clearly place

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
BASED ON STATUTE OF LIMITATIONS - 7
(CASE NO. 3:15-cv-05730-RJB)

**FAIN ANDERSON VANDERHOEF**
**ROSENDAHL O'HALLORAN SPILLANE, PLLC**
1301 A Street, Suite 900
Tacoma, WA  98402
p. 253-328-7800  •  f. 253-272-0386

1  Dr. Lorance as the provider who saw Mr. Gales on May 29, 2009, when the chest x-ray in
2  question occurred.  At that point, Mr. Gales knew "that the injury or condition was caused by
3  [Dr. Lorance's] act or omission".  *See* RCW 4.16.350(3).  This is all that is required to trigger
4  the commencement of the one-year discovery rule.  Nothing precluded plaintiffs from suing
5  Dr. Lorance within the statutory period – they simply failed to do so.

6  Further, that Mr. Gales may not have known of Dr. Lorance's legal status as a VA
7  independent contractor did not preclude him from using the year extension on the statute of
8  limitations to inquire into and thereby easily discover Dr. Lorance's status as an independent
9  contractor.  Nor did it preclude Mr. Gales from bringing a claim against the VA in August
10  2012 and specifically naming Dr. Lorance as one of the at-fault parties, thereby allowing the
11  VA to identify him as an independent contractor.  It is well-established that "before a statute of
12  limitations will be tolled a plaintiff must demonstrate that he or she could not by the exercise of
13  reasonable diligence have discovered essential information bearing on the claim."  *See, e.g.,*
14  *Gunnier v. Yakima Heart Ctr., Inc.,* 134 Wn.2d 854, 864-865, 953 P.2d 1162 (1998).  Plaintiffs
15  here cannot make this showing with respect to Dr. Lorance's status as an independent
16  contractor.  Rather, they had a full year from the time they discovered that Dr. Lorance's acts
17  or omissions may have caused the harm (August 6, 2012) to perform their due diligence and
18  either sue Dr. Lorance directly or uncover that Dr. Lorance was not a VA employee.  A simple
19  inquiry to the VA would have given plaintiffs this information.  That plaintiffs waited until the
20  eleventh hour to file their VA claim does not mean that the statute of limitations should be
21  extended another year **beyond that** with respect to plaintiffs' claims against Dr. Lorance and
22  CHG.  Because plaintiffs failed to exercise due diligence in ascertaining Dr. Lorance's status,
23  this lawsuit is untimely.
24
25

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
BASED ON STATUTE OF LIMITATIONS - 8
(CASE NO. 3:15-cv-05730-RJB)

**FAIN ANDERSON VANDERHOEF**
**ROSENDAHL O'HALLORAN SPILLANE, PLLC**
1301 A Street, Suite 900
Tacoma, WA  98402
p. 253-328-7800  •  f. 253-272-0386

## VI.   CONCLUSION

Plaintiffs have had years to bring this lawsuit, yet have failed to do so.  In the six years since Dr. Lorance provided care to Mr. Gales, Dr. Lorance has died, Mr. Gales has gained and unequivocally demonstrated knowledge of all the facts necessary to bring a claim against Dr. Lorance, and the statute of limitations has come and gone many times over—even when giving plaintiffs the benefit of a one-year discovery tolling provision.  Not only is Dr. Lorance's legal status immaterial with respect to the statute of limitations, but plaintiffs' failure to discover it is due to plaintiffs' own lack of due diligence.  This lawsuit is untimely and must be dismissed with prejudice.

DATED this 19th day of November, 2015.

>    FAIN ANDERSON VANDERHOEF
>    ROSENDAHL O'HALLORAN SPILLANE, PLLC
>
>    By: *s/ Scott M. O'Halloran*
>       Scott M. O'Halloran, WSBA #25236
>       scott@favros.com
>
>    By: *s/ Amanda K. Thorsvig*
>       Amanda K. Thorsvig, WSBA #45354
>       amanda@favros.com
>       Attorneys for Defendants

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED ON STATUTE OF LIMITATIONS - 9
(CASE NO. 3:15-cv-05730-RJB)

**FAIN ANDERSON VANDERHOEF**
**ROSENDAHL O'HALLORAN SPILLANE, PLLC**
1301 A Street, Suite 900
Tacoma, WA  98402
p. 253-328-7800  •  f. 253-272-0386

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Robert C. Mussehl, LLC
Law Office of Robert C. Mussehl, LLC
600 University Street, Suite 2523
Seattle, WA 98101-3137
bobmussehl@earthlink.net; rcmpip@gmail.com

Floyd R. Chapman
Law Office of Floyd Chapman, PLLC
1201 Pacific Avenue, Suite 600
Tacoma, WA 98402
floydchapman@ymail.com

Signed at Tacoma, Washington this 19th day of November, 2015.

*s/ Deidre M. Turnbull*
Deidre M. Turnbull
Legal Assistant

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED ON STATUTE OF LIMITATIONS - 10
(CASE NO. 3:15-cv-05730-RJB)

**FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC**
1301 A Street, Suite 900
Tacoma, WA 98402
p. 253-328-7800 • f. 253-272-0386